UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOCUMENT SECURITY SYSTEMS, INC. and DSS TECHNOLOGY MANAGEMENT, INC.,

Plaintiffs,

v.

JEFFREY RONALDI,

Defendant.

---

**DECISION & ORDER**

6:20-CV-06265 EAW

## INTRODUCTION

This action arises from a dispute between the parties relating to the former employment of defendant Jeffrey Ronaldi ("Ronaldi") by plaintiffs Document Security Systems, Inc. ("DSS") and DSS Technology Management, Inc. ("DSS TM") (collectively "Plaintiffs"). Presently before the Court is Plaintiffs' motion to stay the proceedings in this action. (Dkt. 35). For the following reasons, Plaintiffs' motion is denied.

## BACKGROUND[1]

Ronaldi served as the Chief Executive Officer ("CEO") of Lexington Technology Group, Inc. ("Lexington"), an intellectual property management firm, when it was acquired by DSS on July 1, 2013. (Dkt. 1-2 at ¶¶ 5-6). Upon acquisition, Lexington became a wholly owned subsidiary of DSS, now called DSS TM. (*Id.* at ¶ 7). As of July 1, 2013,

---

[1] The following facts are taken from Plaintiffs' complaint unless otherwise specified. (Dkt. 1-2).

Ronaldi held the position of CEO of both DSS and DSS TM. (*Id.* at ¶¶ 5, 8). As CEO of both companies, Ronaldi owed fiduciary duties, which he allegedly breached when he engaged in a number of transactions constituting self-dealing and involving conflicts of interest. (*Id.* at ¶ 10). On April 10, 2019, Ronaldi's employment with DSS and DSS TM was terminated. (*Id.* at ¶ 11).

**PROCEDURAL HISTORY**

On April 16, 2019, DSS commenced an action against Ronaldi in New York State Supreme Court, Monroe County ("New York Action"). (Dkt. 35-2 at 2-8). The claims in that lawsuit arose from Ronaldi's contention, following the termination of his employment with Plaintiffs, that he was entitled to payment of cash bonuses for prior years' performance, as well as prospective IP performance bonuses, which included litigation proceeds from pending patent cases, net licensing proceeds, and a percentage of net sales proceeds in connection with the sale of patent assets. (*Id.* at ¶¶ 13, 14). In the New York Action, DSS asserted claims for declaratory judgment and injunctive relief, alleging that Ronaldi is not entitled to the bonuses he seeks and requesting to permanently enjoin him from interfering with any litigation to which he asserts a claim for proceeds. (*Id.* at ¶¶ 16-19, 20-26).

On November 8, 2019, Ronaldi filed an action against DSS in the State of California Superior Court ("California Action"). Ronaldi moved to dismiss or stay the New York Action on the grounds that the New York Action and California Action involved the same parties and substantively similar allegations. (Dkt. 35-3). On April 24, 2020, the New York Action was stayed, but upon dismissal of the California Action on August 18, 2020,

the stay in the New York Action was lifted. (Dkt. 35-5). On August 28, 2020, Ronaldi filed counterclaims in the New York Action against DSS asserting breach of contract, implied in fact contract, promissory estoppel, failure to pay wages, waiting time penalties under California law, failure to reimburse business expenses, wrongful termination, and declaratory judgment. (Dkt. 35-6 at 8-32).

On March 2, 2020, Plaintiffs commenced this action against Ronaldi in New York State Supreme Court, Monroe County, alleging causes of action for breach of fiduciary duty, common law indemnification, faithless servant liability, and unjust enrichment. (Dkt. 1-2 at 7-23). These claims arise from Plaintiffs' contention that Ronaldi engaged in self-dealing, usurpation of corporate opportunities, and breaches of his fiduciary duties to Plaintiffs while employed as CEO. (*Id.*). On April 24, 2020, Ronaldi removed this action to this Court, alleging that the Court could entertain this action on the basis of diversity jurisdiction. (Dkt. 1 at ¶ 5). On April 27, 2020, Ronaldi filed his answer. (Dkt. 2).

On July 7, 2021, Plaintiffs filed the instant motion to stay this action on the ground that the abstention doctrine should apply in light of the pending proceedings in the New York Action. Ronaldi filed his opposition to Plaintiffs' motion to stay on July 28, 2021. (Dkt. 38). Plaintiffs filed their reply in further support of the motion on August 4, 2021. (Dkt. 40).

## DISCUSSION

### I. *Colorado River* Abstention[2]

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "Where, as here, a federal court properly has subject matter jurisdiction, it has a 'virtually unflagging obligation' to exercise that jurisdiction, even if an action concerning the same matter is pending in state court." *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir. 1986) (quoting *Colo. River*, 424 U.S. at 817-18). "The underlying principles of the *Colorado River* doctrine rest on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 474 (S.D.N.Y. 2001) (quoting *Colo. River*, 424 U.S. at 817). "The burden of persuasion is with the party moving for Colorado River abstention." *Pappas Harris Cap., LLC v. Bregal Partners, L.P.*, No. 20-CV-6911 (VEC), 2021 WL 3173429, at *3 (S.D.N.Y. July 27, 2021) (quoting *Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, No. 19-CV-3868, 2020 WL 1503558, at *5 (S.D.N.Y. Mar. 30, 2020), *aff'd*, 830 F. App'x 50 (2d Cir. 2020)).

"Colorado River abstention only applies where state and federal courts exercise concurrent jurisdiction simultaneously." *Doyle v. N.Y. State Div. of Hous. & Cmty. Renewal*, No. 98 CIV. 2161(JGK), 1999 WL 177441, at *5 (S.D.N.Y. Mar. 30, 1999)

---

2 "The Second Circuit has made it clear that the *Colorado River* doctrine governs motions to stay as well as motions to dismiss, where the basis of the motion is the pendency of a potentially dispositive concurrent state court case." *Harris v. TD Ameritrade, Inc.*, No. 17-CV-6033 (LTS/BCM), 2018 WL 1157802, at *5 (S.D.N.Y. Feb. 14, 2018).

(citing *Vill. of Westfield v. Welch's*, 170 F.3d 116, 120 (2d Cir. 1999)); *see also Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996) ("In *Colorado River*, . . . the Supreme Court announced an abstention doctrine for use in limited situations in which state and federal courts exercise concurrent jurisdiction simultaneously."). As a threshold matter, abstention is inapplicable where the two actions are not deemed to be parallel proceedings. *See Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) ("Therefore, a finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under Colorado River."); *Fisher v. O'Brien*, No. 09 CV 42(CBA)(LB), 2010 WL 1269793, at *4 (E.D.N.Y. Mar. 9, 2010) (finding *Colorado River* arguments to be "moot as there is no parallel state court proceeding pending"), *report and recommendation adopted*, 2010 WL 1286365 (E.D.N.Y. Mar. 30, 2010).

"In evaluating whether *Colorado River* abstention is appropriate, federal district courts are to consider six factors, 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quotation and citation omitted). The six factors are: (1) whether the controversy involves a particular res over which one of the courts has assumed jurisdiction; (2) whether one forum is more convenient than the other; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced further in one forum; (5) whether federal law controls the rule of decision; and (6) whether the state procedures are adequate to protect a plaintiff's federal rights. *Id.*

## II. The New York Action and this Matter are Not "Parallel" Proceedings

As noted, "a finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*." *Dittmer,* 146 F.3d at 118. "Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997); *Iacovacci v. Brevet Holdings, LLC*, 437 F. Supp. 3d 367, 375 (S.D.N.Y. 2020) ("Proceedings are parallel where substantially the same parties are contemporaneously litigating substantially the same issue in another forum." (quotation and citation omitted). "In determining whether two actions are parallel for purposes of *Colorado River* abstention, a court may consider whether the actions involve the same (i) parties, (ii) subject matter, and (iii) relief requested." *Davis v. The Money Source Inc*., No. 3:21-CV-00047 (AWT), 2021 WL 3861908, at *16 (D. Conn. Aug. 30, 2021) (quotation and citation omitted). "Complete identity of parties and claims are not required. However, resolution of the state action must dispose of *all* claims presented in the federal case." *DDR Constr. Servs., Inc. v. Siemens Indus., Inc.*, 770 F. Supp. 2d 627, 644 (S.D.N.Y. 2011) (internal quotation marks and citations omitted); *see also Mochary v. Bergstein,* No. 3:20-CV-01034 (VAB), 2021 WL 3475705, at *5 (D. Conn. Aug. 6, 2021) ("[P]arallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.").

Here, the parties to the New York Action and the instant case are substantially similar for purposes of considering whether they are deemed parallel. "[T]he threshold

requirement is that there be a substantial identity of parties between the state and federal actions." *Aurelius Capital Master, Inc. v. MBIA Ins. Corp.*, 695 F. Supp. 2d 68, 73 (S.D.N.Y. 2010); *see Dittmer*, 146 F.3d at 118 ("Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." (quotation marks and citation omitted)). "Perfect symmetry of parties and issues is not required." *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 287 (E.D.N.Y. 2013) (quotation marks and citation omitted). Accordingly, while the New York Action is brought on behalf of DSS only and the instant litigation names DSS and DSS TM as Plaintiffs, the substantial identity of the parties involved in these two proceedings is satisfied. *See Pabco Constr. Corp. v. Allegheny Millwork PBT*, No. 12 CIV. 7713, 2013 WL 1499402, at *2 (S.D.N.Y. Apr. 10, 2013) ("While the parties in the two actions are not strictly identical—[the defendant]'s surety . . . is named as a defendant in this action but not in the Pennsylvania Action—this does not destroy the parallelism of the two actions . . . ."); *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 182 (E.D.N.Y. 2012) ("As an initial matter, all of the parties remaining in the instant Federal Action are also parties to the Queens Action. Although the Queens Action involves an additional party, DDR, that fact does not render the proceedings non-parallel." (quotation marks and citations omitted)); *Mouchantaf v. Int'l Modeling & Talent Ass'n*, 368 F. Supp. 2d 303, 306 (S.D.N.Y. 2005) ("While the Arizona action involves additional defendants not parties here, that fact does not render the proceedings non-parallel.").

There is overlap in the subject matter between the two proceedings. It is undisputed that both proceedings arise from Ronaldi's employment with Plaintiffs. The terms of

Ronaldi's employment agreement, the adequacy of the performance of his job duties, and the circumstances surrounding his termination will undoubtedly be raised in both lawsuits. And Plaintiffs argue that to the extent Ronaldi seeks damages for wrongful termination in the New York Action, "DSS will introduce, among other evidence, after-acquired evidence that, had it been known to DSS at the time Mr. Ronaldi was terminated, would have provided DSS with additional bases for terminating him." (Dkt. 35-1) at ¶ 47). In other words, Plaintiffs intend to introduce the allegations of self-dealing, fraud, and other breaches of fiduciary duties that are at issue in the federal lawsuit, as a defense to Ronaldi's counterclaims in the New York Action. That said, while there may be overlap in the facts presented in both actions, both lawsuits do not concern substantially the same dispute. Indeed, the issues in the New York Action involve Ronaldi's entitlement to compensation and bonus payments from DSS, whereas this action involves DSS's entitlement to damages from Ronaldi for alleged acts of self-dealing and breach of fiduciary duties, discovered after the termination of his employment.

But even were the Court to conclude that the parties and subject matter in both cases were sufficiently similar for purposes of this analysis, the relief requested in the two proceedings is not substantially the same. Both actions do not seek the same monetary relief under the same theories of liability and resolution of the state action will not dispose of all claims presented in the federal case, as is required. To be sure, information relating to the claims and defenses do interrelate across the two actions, but in terms of the relief requested, the outcome in the New York Action will not conclusively resolve the claims asserted in this Court. As a result, the actions cannot be considered parallel so as to present

the extraordinary and narrow exceptions to this Court's duty to exercise jurisdiction. *See Reliability Inc. v. Doki*, No. 20 CIV. 7109 (KPF), 2021 WL 3408589, at *10 (S.D.N.Y. Aug. 4, 2021) ("The ongoing Maryland Action is not 'parallel' to this case simply because some of the parties are the same and the claims arise out of the same set of facts." (quotation and citation omitted)).

## III. <u>Application of the *Colorado River* Factors Does Not Warrant Abstention</u>

Finally, even if parallel, the six *Colorado River* factors weigh in favor of denying Plaintiffs' motion. "After determining that the state and federal proceedings are parallel, the question becomes whether the court should exercise its discretion to abstain." *Phillips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 298 (S.D.N.Y. 2017). "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

### a. Jurisdiction Over *Res*

Neither party contends that this action entails the exercise of judicial jurisdiction over property. "[T]he absence of a *res* 'point[s] toward exercise of federal jurisdiction.'" *Vill. of Westfield*, 170 F.3d at 122 (quoting *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989)).

### b. Forum Convenience

Here, the forum for the New York Action and the instant action are essentially the same, as both courts sit in Rochester, New York. The Second Circuit has "held that where

the federal court is 'just as convenient' as the state court, that factor favors retention of the case in federal court." *Id.* (quoting *Youell v. Exxon Corp.*, 48 F.3d 105, 113 (2d Cir.), *vacated on other grounds*, 516 U.S. 801 (1995)). Therefore, the Court concludes that the second factor weighs in favor of federal jurisdiction.

**c. Avoidance of Piecemeal Litigation**

"[T]he primary context in which [the Second Circuit] ha[s] affirmed *Colorado River* abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 524 (2d Cir. 2001). However, "[t]he mere potential for conflicting outcome between the two actions does not justify abstention under the 'piecemeal litigation' factor." *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 757 F. Supp. 2d 260, 345 (S.D.N.Y. 2010) (citing *Colo. River*, 424 U.S. at 816). "[B]ecause any case involving parallel proceedings presents a risk of duplicative litigation or a rush to judgment, the existence of those risks can weigh only modestly in favor of dismissal; otherwise, dismissals pursuant to *Colorado River* would be the rule, not the exception. . . ." *King v. Hahn*, 885 F. Supp. 95, 98 (S.D.N.Y. 1995).

Here, to the extent that both actions may raise similar issues relating to Ronaldi's employment, there is arguably some risk of inconsistent results. *Dalzell Mgmt. Co. v. Bardonia Plaza, LLC*, 923 F. Supp. 2d 590, 600 (S.D.N.Y. 2013) ("[A]s the federal and state actions are based on the same underlying facts, there is some risk of an inconsistent result; this Court could make a determination on common issues which might not bind the

parties named only in the state court action.”). However, as set forth above, the claims asserted in the New York Action—even if considered to be similar—are not “nearly identical” when compared to those asserted in the instant action. *See Stern v. Milford Bd. of Educ.*, 870 F. Supp. 30, 34 (D. Conn. 1994) (“[L]itigation over a common set of facts was not piecemeal when the federal action joined a claim the state action did not.” (citing *Bethlehem Contracting Co.*, 800 F.2d at 328 (“[A]lthough the disputes in both the state and federal forums stem from the [same] . . . construction project, [the plaintiff]’s federal suit raises a cause of action in tort against [defendant] that has no counterpart in the state litigation.”))).

The Court finds that this factor weighs in favor of abstention, but, on balance, that it carries only modest weight. *See Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 26 (E.D.N.Y. 2014) (“[W]hile not staying the federal actions will lead to some amount of duplication due to similar ‘factual underpinnings,’ such ‘duplication does not weigh significantly in favor of abstention.’” (quotation and citation omitted)); *Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 829 F. Supp. 2d 82, 87 (E.D.N.Y. 2010) (“[A]lthough the Court agrees that this situation poses a *threat* of inconsistent results, . . . [and] while this factor is important and does weigh in favor of abstention, it is not determinative.”).

**d. Order of Filing and Progress of Proceedings**

The jurisdictional priority factor “is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.” *Moses H. Cone Mem’l Hosp.*, 460 U.S. at 21. “Even

where, as here, a state action was commenced before the federal suit, that factor will carry 'little weight' if 'there has been limited progress in [the] state court suit.'" *Niagara Mohawk Power Corp.,* 673 F.3d at 102 (quoting *Vill. of Westfield*, 170 F.3d at 122).

Plaintiffs argue that not only was the New York Action filed first, but discovery there is substantially complete. Ronaldi disputes this characterization and contends that to the extent that this action lags behind the New York Action, it is because Plaintiffs have intentionally not advanced their claims in federal court. Regardless, because the New York Action was filed prior to this proceeding and discovery appears to have progressed further along than it has here, the Court concludes that the fourth factor counsels towards abstention.

**e. The Source of Substantive Law**

"When the applicable substantive law is federal, abstention is disfavored, though the inverse proposition will not alone support a surrender of federal jurisdiction." *De Cisneros v. Younger*, 871 F.2d 305, 308 (2d Cir. 1989). Indeed, "the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." *Vill. of Westfield*, 170 F.3d at 124.

The parties do not dispute that questions of state law will be the basis for decisions in both actions. But "[i]n cases involving only routine issues of state law, which federal district courts are fully capable of deciding, there are no such rare circumstances." *Smehlik v. Athletes & Artists, Inc.*, 861 F. Supp. 1162, 1167 (W.D.N.Y. 1994) (quotation marks and citation omitted); *State Farm Mut. Auto. Ins. Co.*, 589 F. Supp. 2d at 240 ("The state law issues before this Court are not particularly complex and defendants have provided no

reason why this forum would be an inappropriate place in which to decide them."). The various claims appearing in this action are not particularly novel or complex.

Therefore, the Court finds that the fifth factor weighs in favor of federal jurisdiction.

**f. Whether the State Court Will Adequately Protect the Parties' Interests**

"In analyzing the sixth factor in the special circumstances test, federal courts are to determine whether the 'parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Vill. of Westfield*, 170 F.3d at 124 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28). "The sixth factor is only significant if it militates in favor of federal litigation." *Sulton v. Ashley*, No. 01 CIV 8179 (JSM), 2002 WL 122919, at *4 (S.D.N.Y. Jan. 29, 2002) (citing *Bethlehem Contracting Co.*, 800 F.2d at 328). As set forth above, the Court concludes that the New York Action will not provide complete and prompt resolution of the issues between the parties, nor would a stay of this matter serve to promote judicial economy. At most, this factor appears to be neutral and provides no reason to abstain from exercising federal jurisdiction. *See State Farm Mut. Auto. Ins. Co.*, 589 F. Supp. 2d at 240 ("The last factor appears to be neutral. There is no reason to think that the state court would not adequately protect [the] plaintiff's rights, but that in itself is not sufficient reason to abstain."). In fact, the neutral nature of factor six "weighs against abstention pursuant to *Colorado River*." *Sea Tow Servs. Int'l, Inc.*, 2007 WL 1135601, at *7; *see Woodford*, 239 F.3d at 522 ("[T]he facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it.").

In sum, even if the New York Action and this action were parallel proceedings, only the avoidable of piecemeal litigation and the order of filing and progress of proceedings would arguably weigh in favor of abstention. These factors would not outweigh the other factors weighing heavily in favor of the exercise of jurisdiction. Therefore, the Court denies Plaintiffs' motion requesting a stay of this action.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to stay this action (Dkt. 35) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED: November 29, 2021
Rochester, New York